**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-31224
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND HOLLOWAY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CR-338-E)
November 10, 1997

Before EMILIO M. GARZA, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raymond Holloway appeals his conviction for aiding and abetting an illegal gambling business (18 U.S.C. § 1951) and obstructing the enforcement of Louisiana criminal law (18 U.S.C. § 1511). The activities which led to Holloway's indictment and conviction occurred while he was the Louisiana Alcohol Beverage Control (ABC) Commissioner. Holloway claimed at trial that his actions were part of a covert operation that he ran without anyone's knowledge because he feared that his ABC agents were "on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the take."  Following a three day trial, the jury convicted Holloway on the two counts set out above and acquitted him on a third count (extortion).

Holloway claims that the court erred in failing to instruct the jury on the defense of justification because it was the crux of his defense at trial.  In light of the fact that Holloway failed to request any instruction on justification, we review his claim for plain error.  *See* FED. R. CRIM P. 52(b); *United States v. Olano*, 507 U.S. 725, 736 113 S. Ct. 1770, 1779, 123 L.Ed.2d 508 (1992).  We will reverse only if the error affects the substantial rights of the defendant and the fairness, integrity, or public reputation of the judicial proceedings.  *See id*.

We find no such error here.  The district court correctly instructed the jury on the charges of aiding and abetting and the obstruction of justice.  After hearing all of the evidence, the jury found that Holloway intentionally and willfully aided in the violation of Louisiana gaming laws.  The jury also found that Holloway intentionally and knowingly obstructed the enforcement of Louisiana gaming laws.  In finding Holloway guilty, the jury rejected his theory of the case, namely that he was conducting a secret operation.  Consequently, it was not plain error for the district court to fail to give an instruction on justification. Holloway's remaining arguments on appeal are similarly without merit.

AFFIRMED.